IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TAMMY J. STRUTTON, )<br>CHRISTOPHER A. BORNAR, and )<br>DENNIS R. BRYANT )<br>)<br>    Plaintiffs, )<br>)<br>BAVARIAN MOTOR )<br>TRANSPORT, LLC, and )<br>DAVID A. THOMPSON )<br>)<br>    Defendants. ) | Case No. 05-1043-CV-W-DW |

ORDER

Before the Court is Plaintiffs' Motion to Remand (Doc. 4). For the following reasons, Plaintiffs' Motion is DENIED.

This case arises out of an automobile accident in Lafayette County on July 22, 2005. Plaintiffs filed a petition for damages against Defendants in the Circuit Court of Jackson County alleging negligence. Defendants thereafter removed the action to federal court on October 27, 2005. Defendants assert this Court possesses jurisdiction over the matter pursuant to 28 U.S.C. § 1332 on the basis that (1) the action is between citizens of different states; and (2) based on Plaintiffs' allegations of permanent, progressive and disabling injuries, the amount in controversy exceeds $75,000.00.

The party asserting jurisdiction bears the burden of proving, by a preponderance of the evidence, that the case is properly in federal court. Trimble v. Asarco, 232 F.3d 946, 959 (8th Cir. 2000) (citations omitted) rev'd on other grounds by Exxon Mobil Corp. v. Allapattah Services, Inc., – U.S. –, 125 S.Ct. 2611 (2005); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183

1

(8th Cir. 1993).

While Plaintiffs admit diversity of citizenship, they argue that Defendants have not proven that the amount in controversy exceeds $75,000. The amount in controversy requirement is met when "a fact finder could legally conclude, from the pleadings and the proof adduced to the court before the trial, that the damages that the plaintiff suffered are greater than $75,000." Capitol Indemnity Corp. v. 1405 Assoc., Inc., 340 F.3d 547, 549 (8th Cir. 2003) (citations omitted). More specifically, a district court has diversity jurisdiction over a case, unless, as a matter of law, (1) plaintiff could not recover damages for the alleged action; (2) the amount of damages that she could recover is somehow fixed below the jurisdictional amount; or (3) no reasonable jury could award damages totaling more than $75,000 in the circumstances the case presents. Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).

Plaintiffs are not barred from recovering damages in this case. Nor is the amount of damages Plaintiffs could recover fixed below the jurisdictional amount. Plaintiffs allege serious injuries and seek past as well as future medical expenses. While Plaintiffs seek to minimize the extent of their damages in the pleadings before the Court, they refuse to stipulate to that the amount of damages they claim are less than $75,000.[1] The Court concludes that a reasonable jury could award damages totaling more than $75,000 under the circumstances this case presents. Kopp v. Kopp, 280 F.3d at 885. Accordingly, Plaintiffs' Motion to Remand is DENIED.

IT IS SO ORDERED

   /s/ Dean Whipple   
Dean Whipple
United States District Judge

DATE: January 6, 2006

---

[1] The Court notes that Plaintiffs' refusal to so stipulate does not, in and of itself, establish the requisite amount in controversy. Gramc v. Millar Elevator Co./Schindler Enter., 3 F.Supp.2d 1082, 1084 (E.D.Mo. 1998).